**SO ORDERED.**

**SIGNED this 03rd day of June, 2009.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
**Western District of Texas
San Antonio Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| HARDWOOD P-G, INC., CUSTOM FOREST PRODUCTS, LTD., AND CUSTOM FOREST PRODUCTS TRANSPORTATION, INC., | 06-50057 |
| *DEBTORS* | CHAPTER 11 |
| RANDOLPH N. OSHEROW, LITIGATION TRUSTEE, | |
| *PLAINTIFF* | |
| v. | ADV. NO. 08-05006 |
| DONALD R. VANN, ROBERT EARL ADAMS, BILL J. TIDWELL, ANTHONY B. SMITH, B.J. TIDWELL INDUSTRIES, INC., SIGNATURE MOULDINGS & MILLWORKS, INC., SIGNATURE PARTNERS, LTD., TIDWELL.VANN, L.P., WELLTID, LLCM AND WELLVANN, LLC | |
| *DEFENDANTS* | |

**MEMORANDUM OF DECISION AND ORDER GRANTING PLAINTIFF TRUSTEE'S MOTION TO ALTER OR AMEND ORDER DENYING IN PART AND GRANTING IN PART MOTION BY DEFENDANT ROBERT EARL ADAMS FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT**

CAME ON for consideration the foregoing matter. On April 13, 2009, the court heard, *inter alia*, defendant Robert Earl Adams' motion for summary judgment (the "Adams MSJ") [Docket No. 99].[1] The plaintiff, who is the trustee of the above-captioned debtors' post-confirmation litigation trust responded to the Adams MSJ (the "MSJ Response") [Docket No. 108]. Adams filed a reply [Docket No. 112]. At the hearing, the court orally granted the Adams MSJ with respect to, in relevant part for purposes of this order, the Trustee's claims against Adams, brought under section 544(b) of title 11 and sections §§ 24.005(a), 24.006(a) of the Texas Business and Commerce Code (the Texas enactment of the Uniform Fraudulent Transfer Act) (hereinafter the "TUFTA Claims"). *See* 11 U.S.C. § 544(b); TEX. BUS. & COMM. CODE ANN. §§ 24.005(a), 24.006(a) (West 2008). The court concluded that the Trustee had failed to raise a material issue of fact as to whether there was a continuous unsecured creditor of the debtors from prior to the times the alleged fraudulent transfers occurred through and including the date of the filing of the bankruptcy petitions. The court concluded that summary judgment on the issue would be appropriate in favor of the defendant because the existence of such a creditor is a necessary element of the plaintiff trustee's section 544(b).[2]

Within ten days of the court's entering an order embodying the oral ruling with respect to the TUFTA Claims on the Adams MSJ, the plaintiff trustee filed its Motion To Alter Or Amend

---

[1] Many issues were heard and decided by the Court at the Hearing. To the extent this order discusses the hearing or the Court's oral ruling, or, for that matter, the parties' arguments, it does so only with respect to the matter at issue in this order: whether the Trustee raised a material issue of fact that an unsecured creditor continuously existed at the time Adams allegedly received fraudulent transfers from the Debtors through the time that the Debtors filed for bankruptcy protection. Except as to the issues specifically discussed herein, this order by no means alters the Court's other oral rulings or the orders embodying those rulings that were later docketed in this adversary proceeding.

[2] The statute permits a trustee to initiate an action under state fraudulent transfer law "that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 ..." 11 U.S.C. § 544(b)(1). The existence of such an actual creditor is thus an element of the trustee's avoidance action under this section.

Order Denying In Part And Granting In Part The Motion By Defendant Robert Earl Adams For Summary Judgment And/Or Partial Summary Judgment (the "Motion to Amend") [Docket No. 158]. Adams responded [Docket No. 160]. For the reasons articulated below, the Trustee's Motion to Amend is granted and the Adams MSJ with regard to the TUFTA Claims is denied. The TUFTA Claims survive for trial in this case.

In the Second Amended Complaint, the Trustee identified Weyerhauser Company "as a supplier to Custom Forest Products and a creditor in existence at the time of the transfers to Adams with standing to bring this action under the Texas Uniform Fraudulent Transfer Act as of the date of the filing of the Debtors' bankruptcy cases." *Second Amended Compl.*, ¶ 197. One of the arguments in the Adams MSJ was that Weyerhauser was not, in fact, a continuous creditor of the Debtors during the relevant time periods. In his MSJ Response, the Trustee provided evidence that *a* creditor, albeit a different one than Weyerhauser (Gutchess Lumber Company), *did* exist that satisfied the standing element of section 544(b). *Ex. II to MSJ Response*. However, at the April 13 hearing, the Trustee could not say with certainty whether Gutchess was a <u>continuous</u> creditor of the Debtors during the relevant time period. Absent that showing, the court granted the Adams MSJ on the TUFTA Claims.[3]

In the Motion to Amend, the Trustee points the court to Exhibit II to the MSJ Response, which was before the court at the April 13 summary judgment hearing. The Trustee also furnishes

---

[3] Neither party provided the court with any law on the question whether the qualifying creditor under section 544(b)(1) needs to be a creditor for the entire period of time from prior to the alleged transfer through and including the petition date. However, it seemed to the court that a creditor with an outstanding claim prior to the transfer, whose claim was later paid prior to the petition, and who then extended *new* credit to the debtor prior to the bankruptcy could not be a creditor who would qualify as a creditor as of the filing who would also have standing to avoid the transfer. Without further guidance, the court concluded that the qualifying creditor would have to be a creditor continuously during the relevant period. The court does not, in this memorandum decision, determine that law question because, on these facts, it does not need to. The court leaves the ultimate resolution of this legal question to trial.

3

a spreadsheet (attached as Exhibit A to the Motion to Amend) which re-casts the evidence from Exhibit II. The spreadsheet reorganizes the same information in Exhibit II to plaintiff's MSJ Response by payment date, instead of by invoice number. *Mot. to Amend*, ¶ 6 at 4. Exhibit A-2 "more clearly establishes that Gutchess was a creditor from September 18, 2003, well before the first alleged fraudulent transfer to Adams, through the bankruptcy filing on January 8, 2006. The amount that Custom Forest owed Gutchess rarely fell below $1 million during this time period." *Id.* After reviewing the spreadsheet and reexamining Exhibit II, the court agrees, and so finds that the Trustee has in fact raised a material issue of fact as to whether there exists a qualifying creditor for purposes of § 544(b), such that the Trustee's TUFTA Claims survive Adams' MSJ.

Adams seems to argue in his response that, because the Trustee specifically pled in the Second Amended Complaint[4] that *Weyerhauser* was the qualifying unsecured creditor of the Debtors during the relevant time-frame, the Trustee is now precluded from providing evidence that a different qualifying creditor exists for purposes of section 544(b)(1). This contention is meritless. A judge hearing a motion for summary judgment is *not* necessarily confined only to the current content of the pleadings. 10A WRIGHT & MILLER, ET. AL., *Federal Practice and Procedure* § 2722 (West 1998). "On a motion for summary judgment, if facts appear in affidavits that would justify an amended complaint, there may be ground for treating the complaint as though it were already amended." *Seaboard Terminals Corp. v. Standard Oil Co. Of New Jersey*, 104 F.2d 659 (2d Cir. 1939) (dictum); *Opton, Inc. v. FDIC*, 647 A.2d 1126, 1134 n.7 (D.C. 1994) ("Arguments presented

---

[4] Similarly, Adams additionally contends that the Trustee is precluded from providing evidence of Gutchess' existence based upon the fact that, in discovery, the Trustee only identified Weyerhauser as the qualifying creditor. The issue of what was or was not produced in discovery is not relevant to whether summary judgment should or should not be granted. Adams never sought a ruling that the Gutchess evidence was not competent evidence. The argument raised merits no further discussion here.

to the trial court, on a motion for summary judgment, not set forth earlier in the pleadings, are not necessarily excluded from trial court consideration"); *Nat'l Agric. Chems. Asso. v. Rominger*, 500 F. Supp. 465, 473 (E.D. Cal. 1980) ("When deciding a motion for summary judgment the court may evaluate not just the issues presently tendered by the pleadings but those which can reasonably be raised in an amended pleading"). In such instance, a "judge may evaluate the pleadings both in terms of their content at the time of their submission and as they might be amended at some later date." 10A WRIGHT & MILLER, ET. AL., *Federal Practice and Procedure* § 2722 (West 1998).

Here, the court can justifiably conclude that the pleadings will be amended to change the name of the qualifying creditor from Weyerhauser to Gutchess, a relatively minor change to assure that the pleadings conform to the evidence. Certainly, the Trustee would not be barred from presenting evidence of any creditor other than Weyerhauser at time of trial, though that would appear to be Adams' argument. *See response*, at 4 (citation omitted). The law does not *require* the plaintiff in a section 544(b)(1) action to identify a particular qualifying creditor as a predicate to presenting evidence on the question at trial. It only requires that the plaintiff at trial prove the existence of *an* unsecured qualifying creditor at trial. As Judge Houser recently noted,

> [w]hile the Trustee must demonstrate the existence of this 'golden creditor,' the Trustee need not specifically identify the creditor by name; as long as the Trustee establishes that such unsecured creditors exist, he can assume the mantle of any one of them. Only one triggering creditor is required, and the amount of its claim is unimportant. Moreover, the unsecured creditor need not exist at the time the avoidance action is filed, so long as that creditor existed on the date the bankruptcy petition was filed.

*In re Heritage Org., L.L.C.*, 2009 Bankr. LEXIS 1149, at *25-27 (Bankr. N.D.Tex. May 11, 2009); *see also Ries v. Wintz Props., Inc. (In re Wintz Cos.)*, 230 B.R. 848, 858-59 (B.A.P. 8th Cir. 1999); *Smith v. Am. Founders Fin., Corp.*, 365 B.R. 647, 659 (S.D. Tex. 2007). So long as the Trustee is

able to establish the existence of *an* unsecured creditor, he has standing to proceed with the TUFTA Claims in this bankruptcy case. He has raised a material issue of fact regarding the existence of *a* qualifying creditor. That is all he is required to do at this stage.

Nor is any new issue raised in the Trustee's response to Adams' MSJ, as Adams contended in his reply to this Motion to Amend. The legal issue remained the same: is there an actual unsecured creditor that holds an allowable claim that could avoid the transfers that Adams received in 2004 and 2005 pursuant to 11 U.S.C. § 544(b) and TUFTA? The only effect of the Trustee's Gutchess evidence was to change the identity of the creditor providing the Trustee with standing under the Bankruptcy Code and TUFTA. That does not raise a new issue. *See Heritage*, *supra.*[5]

For the reasons stated, the motion for reconsideration is granted. The prior order granting in part Adams' Motion for Summary Judgment is vacated. The Adams MSJ is in all things denied.

# # #

---

[5] For what it's worth, the Trustee in his complaint did not allege that Weyerhauser was *the* qualifying creditor (much less *the only* qualifying creditor). The complaint says that Weyerhauser is *a* creditor - not *the* creditor. Adams' argument that the Trustee must be confined to his pleadings, even if accepted, would thus not succeed.