

**SO ORDERED.**

**SIGNED this 10th day of July, 2009.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HARDWOOD P-G, INC., | ) | Case No. 06-50057-LMC |
| CUSTOM FOREST PRODUCTS LTD., | ) | Chapter 11 |
| AND CUSTOM FOREST PRODUCTS | ) | |
| TRANSPORTATION, INC., | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| RANDOLPH N. OSHEROW, | ) | |
| LITIGATION TRUSTEE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adversary No. 08-05006 |
| | ) | |
| DONALD R. VANN, ROBERT EARL | ) | |
| ADAMS, BILL J. TIDWELL, | ) | |
| ANTHONY B. SMITH, B.J. TIDWELL | ) | |
| INDUSTRIES, INC., SIGNATURE | ) | |
| MOULDINGS & MILLWORKS, INC., | ) | |
| SIGNATURE PARTNERS, LTD., | ) | |
| TIDWELL/VANN, L.P., WELLTID, | ) | |
| LLC, and WELLVANN, LLC, | ) | |
| | ) | |
| Defendants | ) | |

### DECISION AND ORDER DENYING ROBERT EARL ADAMS' MOTION FOR LEAVE TO AMEND RESPONSE UNDER FED. R. BANKR. P. 7015(a)(2)

On June 9, 2009, defendant Robert Earl Adams ("Adams") filed his Motion for Leave to Amend Response Under Fed. R. Bankr. P. 7015(a)(2) (the "Motion to Amend") [Docket No. 175]. On June 19, 2009, the plaintiff, who is the trustee of the post-confirmation litigation trust of the above-captioned debtors (the "Trustee") filed a response (the "Response") objecting to the relief sought in the Motion to Amend [Docket No. 189]. By this Decision and Order, the court denies the Motion to Amend.

Previously, Adams had filed a motion for summary judgment, to which the Trustee responded, and to which Adams replied [Docket Nos. 99, 108, 112, 114]. The summary judgment hearing was held on April 13, 2009, at which time the court ruled from the bench granting in part and denying in part Adams' motion for summary judgment; an order was entered on April 28, 2009 memorializing the court's ruling [Docket No. 150]. Thereafter, on May 7, 2009, the Trustee moved for reconsideration of the portion of the court's order granting Adams' motion for summary judgment [Docket No. 158], to which Adams responded on May 15, 2009 [Docket No. 160]. On June 3, 2009, the court granted the Trustee's motion to reconsider the portion of the court's order granting Adams' motion for summary judgment and, consequently, Adams' original motion for summary judgment was ultimately denied in full [Docket No. 168].

The Motion to Amend requests permission to amend Adams' response to the Trustee's second amended complaint pursuant to Rule 15(a)(2). *See* FED.R.CIV.P. 15(a)(2); *see also* FED.R.BANKR.P. 7015. In the motion, Adams seeks to make "amendments to Adams' defenses and affirmative defenses and rights for reimbursement of fees and expenses." *M. to Compel*, at 2. In the proposed amended answer, Adams provides only slightly more detail: first, Adams wishes

to assert that the Trustee's claims are "barred by applicable limitations." *Proposed Answer*, ¶ 2.4 at 47; second, Adams seeks to assert the affirmative defense that the Trustee generally lacks standing or capacity to assert the claims and that the Trustee lacks standing to assert the claims to the extent the payments made to Adams were made by a party other than the Debtors. *Proposed Answer*, ¶¶ 2.5, 2.7 at 47; third, Adams seeks to assert what he characterizes as the affirmative defense of indemnification pursuant to the "applicable articles of incorporation/organization…" *Proposed Answer*, ¶¶ 2.6 at 47; fourth, Adams seeks to assert what he characterizes as the affirmative defense of contribution and proportionate responsibility, which, according to Adams, limits the Trustee's recovery against Adams. *Proposed Answer*, ¶¶ 2.5, 2.8 at 47; and, lastly, Adams seeks to assert two affirmative defenses with respect to the Trustee's TUFTA claims: (i) that Adams took the relevant transfers at issue in good faith, and (ii) that the debtor was not insolvent at the time the transfers took place. *Proposed Answer*, ¶¶ 2.9, 2.10 at 47-48. Neither the proposed amended answer nor the Motion to Amend provide any further details beyond what has been cited here, leaving the court to only guess as to the facts underlying each proposed defense.[1] The Trustee argues that the various affirmative defenses proposed are either futile (as to the statute of limitations defense, the standing defense, the indemnification defense, and, possibly the contribution defenses), unduly prejudicial (as to all the proposed defenses), or cause undue delay of the proceedings (as to all proposed defenses). *See generally Response*. The court agrees with the Trustee's objections.

## Discussion

Federal Rule of Civil Procedure 15(a)(2), provides that "… a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should

---

[1] For example, to which statute of limitations is Adams referring? Or, for example, which articles of incorporation/organization Adams is invoking?

freely give leave where justice so requires." FED.R.CIV.P. 15(a)(2). In applying this rule, "[t]he decision whether justice requires amendment is committed to the discretion of the district judge, reversible only for an abuse of discretion." *Union Planters Nat'l Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982) (citations omitted). But, the Fifth Circuit has also remarked that

> 'Discretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires'. It evinces a bias in favor of granting leave to amend. The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

*Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597-598 (5th Cir. 1981). Nonetheless, the Fifth Circuit has warned that the rule "is not a mechanical absolute." *Union Planters Nat'l Leasing, Inc. v. Woods*, 687 F.2d at 121. Appropriate considerations for a court exercising its discretion under Rule 15(a)(2) include (1) prejudice to the opposing party, (2) undue delay, (3) the movant's repeated failure to cure deficiencies with prior amendments, (4) bad faith, (5) dilatory motive, (6) futility of amendment, and (7) in certain circumstances, such as when the court has heard and ruled on a motion for summary judgment, concerns of judicial economy and "concerns of finality in litigation." *Id.*; *Dussouy*, 660 F.2d at 598; *see Freeman v. Continental Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967); *Cureton, et. al. v. Nat'l Collegiate Athletic Assoc.*, 252 F.3d 267, 273 (3rd Cir. 2001) (citing *Woods*, 687 F.2d at 121; *Dussouy*, 660 F.2d at 598 n.2).

Here, a consideration of these factors leads to the conclusion that amendment should not be permitted. The court has already considered and ruled on Adams' motion for summary judgment, in which it expressly overruled recourse to some of the very defenses that this amended pleading now seeks to re-introduce. Thus, considerations of judicial economy and

finality of litigation counsel against granting leave to amend. *Dussouy*,;[2] *see also Cureton,* 252 F.3d 267, 273 (3rd Cir. 2001).

The *Cureton* court, in considering a motion to amend a complaint <u>after</u> ruling on a motion for summary judgment, said that "the question of undue delay requires that we focus on the movant's reasons for not amending sooner." *Id.* Early on in this case, Adams filed a motion for a more definite statement [Docket No. 27],[3] which resulted in the Trustee filing a second amended complaint. The purpose of the motion, presumably, was to assure that Adams could frame a complete response. Thereafter, on May 16, 2008, Adams filed his answer [Docket No. 39]. In the interim, the court has heard and ruled against Adams on his motion for summary judgment. It was only <u>after</u> that adverse ruling that Adams filed this Motion to Amend, <u>more than one year</u> after Adams filed his original answer. The proposed affirmative defenses are not based on any new facts uncovered during the discovery period after the court's ruling on Adams' summary judgment motion. Instead, all of the proposed affirmative defenses are based on facts that Adams has known about since the beginning of this <u>case</u>. Adams provides no reason – in the form of

---

[2] The Fifth Circuit, on this point, has said:

> [a]t some point, of course, the delay may be so long that the burden of persuasion shifts to the movant. Such a shift becomes appropriate, though, only if the delay imposes on the court, requiring it, for instance, to try the case on various theories seriatim, or if the delay presents the possibility of serious prejudice to the opponent…
>
> A shift in the burden is more likely to occur if the trial court has disposed of the case on the merits, as in the case of summary judgment or judgment after a full trial. Then, the concerns of finality in litigation become more compelling, and the litigant has had the benefit of a day in court, in some fashion, on the merits of his claim. Nevertheless, there is no blanket rule that denial of leave to amend after summary judgment is always appropriate.

*Id.*

[3] Adams originally filed a motion for a more definite statement as to the Trustee's original complaint [Docket Nos. 12, 13]. Thereafter, other defendants filed similar motions which resulted in the Trustee filing his amended complaint [Docket No. 22]. Adams then filed his second motion for a more definite statement as to the amended complaint, alleging that the amended complaint, which was filed prior to Adams' first motion for a more definite statement was heard by the court, did not address Adams' concerns [Docket No. 27]. The court entered an order granting Adams' second motion for a more definite statement [Docket No. 28] and the Trustee filed his second amended complaint on May 9, 2008 [Docket No. 37].

either a pleading or evidence – why he could not have raised these affirmative defenses in his original answer. Nor does Adams explain why these proposed affirmative defenses could not have been raised prior to his filing his motion for summary judgment. Instead, he laid in the weeds as it were, perhaps to see how he might fare on his motion for summary judgment, saving up these "new" defenses in case his first round of pleadings failed to finish off the plaintiff's case. That sort of strategy was bound to introduce delay. It may even have been calculated to introduce delay. It certainly should not be rewarded.

At least one of the proposed affirmative defenses, articulated in ¶ 2.7 of the proposed amended answer, has already been definitively disposed of by the Court during the summary judgment litigation. *See Judge's Memorandum of Decision and Order Granting Motion to Alter or Amend Order Denying in Part and Granting in Part the Motion by Defendant Robert Earl Adams for Summary Judgment and or Partial Summary Judgment* [Docket No. 168]. Additionally, the facts underlying Adams other proposed affirmative defense that relates to standing, set forth in ¶ 2.5, were known to Adams at the time he filed his motion for summary judgment – Adams vehemently argued at the hearing that the Debtors were not the originators of the alleged fraudulent transfers and preference payments that he was alleged to have received. *See Adams' Motion For Partial Summary Judgment, or, in the alternative Motion For Summary Judgment*, at 9-10 [Docket No. 99]. Likewise, with regard to Adams' proposed affirmative defenses with respect to the Trustee's TUFTA claims, Adams strongly argued in his summary judgment pleadings that the Debtors were not insolvent. *Id.* at 16. Thus, he could easily have raised these defenses in his answer, thus assuring that these defenses could either be properly raised and vetted at the summary judgment stage, or least subjected to appropriate and timely discovery months ago. Raising them only now introduces unnecessary delay.

With respect to Adams' proposed indemnification and contribution claims, the court agrees with the Trustee that these types of claims do not form the basis of an affirmative defense at all. They are new causes of action, and their introduction at this late date only serves to cause delay, because they would normally require additional discovery in advance of trial. There is nothing about these causes of action that would have prevented Adams from asserting them in his original answer. Moreover, these so-called "affirmative defenses" are based upon either certain (undefined in the proposed answer) articles of organization or incorporation or on Texas statutory law. Adams was a principal of the various corporate entities whose transactions form the basis of the Trustee's complaint. If anyone would have had direct knowledge of an indemnity or contribution right having its source in the corporate documents, it would have been Adams – and that is knowledge he would have had long prior to his being sued in this adversary proceeding. As for indemnity or contribution arising from Texas statutory law, Adams' counsel had as much access to Texas law as does any other Texas practitioner. The Fifth Circuit has ruled that "lack of diligence is a reason for refusing to permit amendment," *Freeman*, 381 F.2d at 469; *see also Nilsen v. Moss Point*, 621 F.2d 117, 122 (5th Cir. 1980); *Gulf Coast Band & Trust v. Mendel (In re Mendel)*, 351 B.R. 449, 455 (Bankr. S.D. Tex. 2006).

Lastly, with respect to Adams' proposed affirmative defense with respect to the statute of limitations, Adams has utterly failed to furnish the court with any reason why Adams could not have raised this matter in his original answer. Permitting amendment at this late date only introduces delay.

For all of these reasons, the Motion to Amend is denied.

## Conclusion

The court denies the Motion to Amend in full. The relief sought in the Motion to Amend is unduly delayed, without cause or explanation. Further, the court has already considered a number of the arguments raised in this proposed amended answer in the extensive pleadings and arguments made by Adams with respect to his motion for summary judgment. Thus, concerns for judicial economy and the finality of litigation dictate that the Motion to Amend should be denied. The proposed affirmative defenses could have – and should have – been raised long before this point in the litigation. By waiting until this late date to try to raise defenses that easily could have and should have been raised a year ago, Adams' pleading strategy not only invites delay, but also verges on unreasonably and vexatiously multiplying litigation. The motion is properly denied.

# # #